IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CR-129 |
| | ) | (VARLAN/SHIRLEY) |
| STEPHEN MAYES, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on December 7, 2009, for a pretrial conference and motion hearing on the Defendant's Consent Motion to Continue the Trial Date of December 14, 2009 [Doc. 22], filed on November 16, 2009. Assistant United States Attorney Kelly A. Norris appeared on behalf of the Government. Attorney Howard J. Weintraub represented the Defendant, who was also present.

In his motion, defense counsel requests a continuance of the December 14, 2009 trial date because he is scheduled to have hip replacement surgery on December 15, 2009. The motion states that defense counsel has contacted the Government, which has no objection to the requested continuance. At the December 7 hearing, the Court questioned the Defendant, who stated that he understood that his attorney had filed a motion to continue his trial because of the attorney's medical issues. He also acknowledged that he understood if he were to pursue his presently pending motion to suppress statements, the time necessary for the Court to hear and rule on that motion would

1

require a continuance as well. The Defendant stated that he understood that he would remain in custody pending his new trial date and that he wanted the requested continuance.

The Court finds the requested continuance of the December 14 trial date to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Initially, the Court notes that the defendant's attorney is scheduled to have surgery on December 15, 2009. The preparations for the surgery, the surgery itself, and the recovery therefrom prevent him from participating in a trial on December 14. Accordingly, the Court finds that the failure to grant the requested continuance would unreasonably deprive the Defendant of the continuity of counsel. 18 U.S.C. § 3161(h)(7)(B)(iv).

Moreover, the Defendant has filed a motion to suppress statements [Doc. 18] as well as a motion to participate in *voir dire* [Doc. 19]. See 18 U.S.C. § 3161(h)(1)(D). In order to secure a ruling upon his suppression motion, the Court will need time to hold an evidentiary hearing on the motion and time, not to exceed thirty days, to prepare a Report and Recommendation on the motion. See 18 U.S.C. § 3161(h)(1)(H). Moreover, the Court finds that this motion is complex in nature and that the time required to hear and rule upon the suppression motion causes a delay of the trial and, thus, creates excludable time. See United States v. Tinklenberg, 579 F.3d 589, 598 (6th Cir. 2009) ("hold[ing] that a pretrial motion must actually cause a delay, or the expectation of a delay, of trial in order to create excludable time"). Following the filing of this Court's report and recommendation, the parties need time to file any objections, and the District Court will need time to rule upon the report and those objections. See 18 U.S.C. § 3161(h)(1)(H). Finally, the parties will need time to prepare for trial in light of the ruling on the suppression motion. The Court finds

that all of this could not take place before the December 14, 2009 trial date or in less than four and one-half months, in light of counsel's scheduled surgery. The failure to grant a continuance would deprive the parties of time to secure a ruling on the suppression motion and to prepare for trial in light of the rulings on these issues. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the Defendant's motion to continue the trial [**Doc. 22**] is **GRANTED**, and the trial of this matter is **CONTINUED** to **April 26, 2010,** in the event that the Defendant goes forward with his suppression motion, and to **March 1, 2010**, if he chooses not to pursue the motion. The Court also finds and the parties agreed that all the time between the filing of the Defendant's Motion to Suppress [Doc. 22] on **November 16, 2009**, and the new trial date of **April 26, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D), -(H), & (h)(7)(A)-(B). With regard to additional scheduling, the Court set a pretrial conference and suppression/motion hearing for **January 15, 2010, at 1:00 p.m.** Defense counsel is to contact the Court by **January 5, 2010**, to inform the Court as to whether the Defendant will proceed with his suppression motion. The parties agreed to a new plea negotiation cut-off deadline of **February 1, 2010**.

Accordingly, it is **ORDERED**:

(1) The Defendant's Consent Motion to Continue the Trial Date of December 14, 2009 [**Doc. 22**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 26, 2010**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge. An alternate trial date of **March 1, 2010**, was selected in the event that the Defendant elects not to pursue his motion to suppress statements;

3

(3) All time between the filing of the Defendant's continuance motion on **November 16, 2009**, and the new trial date of **April 26, 2010**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) Defense counsel is to contact the Court by **January 5, 2010**, to inform the Court as to whether the Defendant plans to pursue his suppression motion;

(5) The parties are to appear for a pretrial conference and suppression/ motion hearing on **January 15, 2010, at 1:00 p.m.**; and

(6) The plea negotiation cut-off deadline is **February 1, 2010**.

**IT IS SO ORDERED.**

ENTER:

  s/ C. Clifford Shirley, Jr.  
United States Magistrate Judge